**JONATHAN A. STIEGLITZ**
**(SBN 278028)**
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email: jonathan.a.stieglitz@gmail.com**

**Yitzchak Zelman, Esq.,**
**MARCUS & ZELMAN, LLC**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Tel:    (732) 695-3282**
**Fax: (732) 298-6256**
**Email: yzelman@marcuszelman.com**
**Attorneys for Plaintiff**
*Pro Hac Vice Motion To Be Filed*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **VENUS JONES,** individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>-against-<br><br>**JEFFERSON CAPITAL SYSTEMS, LLC,**<br><br>Defendant | Civil Case No.:<br><br>**<u>CIVIL ACTION</u>**<br><br>**CLASS ACTION COMPLAINT**<br>**and**<br>**JURY TRIAL DEMAND** |

**CLASS ACTION COMPLAINT**
**-1-**

Plaintiff VENUS JONES (hereinafter, "Plaintiff"), a California resident, brings this class action complaint by and through the undersigned attorneys, against Defendant JEFFERSON CAPITAL SYSTEMS, LLC (hereinafter "Defendant"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. (hereinafter "RFDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. One of the purposes of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 is to similarly prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of California consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Defendant's actions violated California Civil Code § 1788 et seq. of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which similarly prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

9. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

10. Plaintiff is a natural person and a resident of Alameda County in the State of California, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Defendant Jefferson Capital Systems, LLC is a collection agency with its registered office located at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to May 13, 2017, an obligation was allegedly incurred to VERIZON WIRELESS.

16. The VERIZON WIRELESS obligation arose out of a transaction in which

money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged VERIZON WIRELESS obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).
18. VERIZON WIRELESS is a "creditor" as defined by 15 U.S.C.§ 1692a(4).
19. Defendant contends that the VERIZON WIRELESS debt is past due.
20. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.
21. VERIZON WIRELESS directly or through an intermediary contracted the Defendant to collect the alleged debt.
22. On or about May 13, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged VERIZON WIRELESS debt. *See* **Exhibit A.**
23. The May 13, 2017 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).
24. The May 13, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).
25. The Plaintiff received and read the Letter sometime after May 13, 2017.
26. The Letter stated in part:
    "If you do not pay the debt, we may report or continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."
27. The Letter further stated:
    "In addition, we have requested that the consumer reporting agencies delete the account from your credit file."

28. The Plaintiff, as would any least sophisticated consumer, was left unsure as to whether the alleged debt would continue to be reported on her credit file or not.
29. Pursuant to 15 U.S.C. § 1692e of the FDCPA, a debt collector may not use any false representation or deceptive means to collect or attempt to collect a debt is.
30. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.
31. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.
32. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

33. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in Alameda County in the state of California b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to or allegedly owed to Verizon d) which contained conflicting language regarding credit reporting (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

34. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf

they attempt to collect and/or have purchased debts.

35. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

37. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

38. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. Numerosity: The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only

individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

c. Typicality: The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. Adequacy: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. The Defendants violated said section in its letter to the Plaintiff by:
    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;
    b. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Violations Of The Rosenthal Fair Debt Collection Practices Act)

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

49. As set forth above, Defendant violated 15 U.S.C. § 1692e(10) by making a false representation and using deceptive and misleading means to collect a debt.

50. As set forth above, Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to clearly and concisely convey the name of the creditor to whom the alleged debt is owed.

51. As such, Defendant violated the foregoing provisions of the FDCPA and RFDCPA.

52. As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## **DEMAND FOR TRIAL BY JURY**

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

# **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 22, 2018

/s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

**PRO HAC VICE MOTION TO BE FILED**
Yitzchak Zelman, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Marcus & Zelman, LLC
1500 Allaire Avenue - Suite 101
Ocean, NJ 07712
Office:    (732) 695-3282
Fax:       (732) 298-6256
Email:     yzelman@MarcusZelman.com
Website:   www.MarcusZelman.com
*Attorneys for the Plaintiff*